UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEAN PINERO, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SEAN MEDEIROS, )<br>)<br>Respondent. )<br>) | CIVIL ACTION<br><br>NO. 16-30032-TSH |

### ORDER AND MEMORANDUM ON PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY (Docket No. 36)

**May 31, 2019**

**HILLMAN, D.J.**

On February 17, 2016, Jean Pinero ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). On March 14, 2019, this Court accepted and adopted the Magistrate Judge's Report and Recommendation over Petitioner's objections and dismissed the Petition. (Docket No. 33). Subsequently, on March 21, 2019, Petitioner requested a Certificate of Appealability ("COA") on two of the three grounds in his Petition. (Docket No. 36).[1] For the reasons stated below, the COA is ***granted*** in part and ***denied*** in part.

### Analysis

The statute governing appeals of final orders in habeas corpus proceedings provides that an appeal is not permitted "[u]nless a circuit justice or judge issues a certificate of appealability."

---

[1] Petitioner does not appear to seek a COA on his claim that the prosecutor's closing argument violated his Due Process Rights.

28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a "substantial showing," a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000) (internal quotation marks omitted). This is a low bar; a claim can be considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail. *Miller-El v. Cockrell*, 537 U.S. 322, 338, 123 S.Ct. 1029 (2003).

Petitioner first contends that the Commonwealth did not provide sufficient evidence to the jury to establish his guilt beyond a reasonable doubt. That determination depends on an assessment of the trial record and could be debated by reasonable jurists. *See Brown v. O'Brien*, 755 F. Supp. 2d 335, 337 (D. Mass. 2010). Accordingly, the Court will issue a COA with respect to the insufficiency of the evidence claim.

Petitioner next contends that reasonable jurists could debate that his counsel's failure to object to alleged hearsay constituted ineffective assistance of counsel. I find that no reasonable jurists could debate that the admitted statement was an excited utterance and that Petitioner's counsel was consequently not deficient in failing to object. Accordingly, I decline to issue a COA with respect to the ineffective assistance claim.

## Conclusion

For the reasons stated above, Petitioner's COA is ***granted*** for his claim that the Commonwealth did not present sufficient evidence to convict him at trial but ***denied*** for his claim that his counsel was ineffective for failing to object to alleged hearsay.

**SO ORDERED**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**